IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANGELA HARDY,

    Petitioner,

v.                        Civil Action No. 3:08CV843

TOM JONES,

    Respondent.

## MEMORANDUM OPINION

Angela Hardy, a Virginia inmate proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Hardy challenges her convictions in the Circuit Court for the City of Portsmouth ("the Circuit Court") for malicious wounding of a law enforcement officer, resisting arrest, obstruction of justice, and damaging private property. Respondent has moved to dismiss on the grounds that the petition is barred by the one-year statute of limitations governing federal habeas petitions. The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

On November 23, 2005, the Circuit Court entered its final judgment with respect to the convictions described above. Hardy appealed. On May 21, 2007, the Supreme Court of Virginia refused Hardy's petition for appeal.

On January 17, 2008, Hardy filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. On July 21,

2008, the Supreme Court of Virginia denied Hardy's petition for a writ of habeas corpus.

On December 22, 2008, the Court received the standard form for filing a 28 U.S.C. § 2254 petition from Hardy ("December 2008 Submission"). The form, however, was not signed by Hardy and did not contain any claims for relief. The Court proceeded to process Hardy's request to proceed in forma pauperis in conjunction with her federal habeas proceeding. By Memorandum Order entered February 20, 2009, the Court granted Hardy's request to proceed in forma pauperis, but informed her that her December 2008 submission was inadequate and that she must state the grounds that make her detention unlawful. The Court directed Hardy to complete the standardized form for filing a § 2254 petition and "state the facts that make her detention unlawful." (Feb. 20 Mem. Order ¶ 3.)

On March 9, 2009, Hardy resubmitted the standardized § 2254 form ("March 9 2009 § 2254 form").[1] Although Hardy had included some more procedural information, she ignored the Court's admonition to state the facts that make her detention unlawful. Accordingly, by Memorandum Order entered April 7, 2009, the Court informed Hardy that her March 9, 2009 § 2254 form would receive no further consideration. The Court once again directed Hardy to

---

[1] Hardy did not indicate when she executed the § 2254 form or delivered the same to prison officials for mailing. Therefore, the Court has utilized the postmark date from the envelope. (Docket No. 13, #3.)

2

complete the § 2254 form and state the facts that make her detention illegal. On April 10, 2009, Hardy handed her current § 2254 petition to prison officials for mailing to this Court. For purposes of the present motion, the federal petition will be deemed filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988).

## II. LIMITATIONS PERIOD FOR FEDERAL HABEAS RELIEF

Petitioner's 28 U.S.C. § 2254 petition is subject to a one-year statute of limitations. Specifically, 28 U.S.C. § 2244(d) provides that:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

3

## III. TIMELINESS OF HARDY'S PETITION FOR A WRIT OF HABEAS CORPUS

Hardy's convictions became final, as that term is defined in 28 U.S.C. § 2244(d)(1)(A), on Monday, August 20, 2007, the last date to file a petition for a writ of certiorari with the Supreme Court of the United States. See Clay v. United States, 537 U.S. 522, 527 (2003). The statute of limitations ran for 150 days, until January 18, 2008, when Hardy filed her state petition for writ of habeas corpus. See 28 U.S.C. § 2244(d)(2). The limitation period began to run again after July 21, 2008, when the Supreme Court of Virginia denied her state petition for writ of habeas corpus. Hardy had 215 days or until Monday, February 23, 2009, to file an appropriate federal petition for writ of habeas corpus.[2]

In light of these circumstances, the Court must determine what impact, if any, Hardy's December 2008 submission had on the statute of limitations. In a related context, the Supreme Court remarked that "a case does not become 'pending' until an actual application for habeas corpus relief is filed in federal court." Woodford v. Garceau, 538 U.S. 202, 210 (2003)[3]; Green v. Johnson, No.

---

[2] The 215th day was Sunday, February 22, 2009. Accordingly, Hardy had until the following Monday to file her federal petition. See Fed. R. Civ. P. 6(a)(3) (2009).

[3] In Garceau, the United States Court of Appeals for the Ninth Circuit agreed with a habeas petitioner that his habeas petition was not subject to the Antiterrorism and Effective Death Penalty Act (AEDPA) because the petitioner had filed a motion for appointment of counsel prior to AEDPA's effective date. The Supreme Court reversed. The Supreme Court noted that the motion

2:05cv00340, 2006 WL 3746138, at *20-21 (E.D. Va. Dec. 15, 2006) (applying Garceau in statute of limitations context), aff'd 515 F.3d 290 (4th Cir.), cert. denied, 128 S. Ct. 2999 (2008). "[A]n application for habeas relief is a filing that contains one or more claims." Gonzalez v. Crosby, 545 U.S. 524, 530 (2005) (internal quotation marks omitted). Furthermore, a claim is "an asserted federal basis for relief from a state court's judgment of conviction." Id. "[A] filing that '[does] not seek any relief on the merits or place the merits of [a would-be petitioner]'s claims before the District Court for decision' is not a habeas petition capable of satisfying [the] statute of limitations.'" Ramirez v. Yates, 571 F.3d 993, 997 n.3 (9th Cir. 2009) (second and third alteration in original) (quoting Garceau, 538 U.S. at 210 n.1).

Hardy's December 2008 submission did not contain any claims for federal habeas relief, much less seek relief on the merits of those claims. Therefore, it did not stop the running of the federal statute of limitations. See Dykeman v. New Jersey, No.2:09cv04212, 2009 WL 2986399, at *3-4 (D.N.J. Sept. 15, 2009); Payne v. United States, Nos. 8:99-CR-78-T-27MSS,8:05-CV-273-T-27MSS, 2007 WL 496608, at *5-7 (M.D. Fla. Feb. 12, 2007); cf. United States v. White, 257 F. App'x 608, 609 (4th Cir. 2007) (Nos.

---

for appointment of counsel "simply alerted the District Court as to some possible claims," but "did not . . . place the merits of [petitioner's] claims before the court for decision." Garceau, 538 U.S. at 210 n.1.

5

07-6513 & 07-7095), available at 2007 WL 4302418, at *1 (emphasizing that petitioner must set forth grounds for relief to invoke the Court's jurisdiction under 28 U.S.C. § 2255). Because Hardy failed to file an appropriate § 2254 petition by February 23, 2009, her current § 2254 petition is barred by the applicable statute of limitations.[4] Accordingly, the motion to dismiss (Docket No. 18) will be GRANTED. The petition for a writ of habeas corpus and Hardy's motion for appointment of counsel (Docket No. 29) will be DENIED. The action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). For the reasons stated above, Hardy has not satisfied this standard. A certificate of appealability will be DENIED.

---

[4] Neither Hardy nor the record suggests that Hardy is entitled to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)-(D) or equitable tolling of the limitation period.

The Clerk is DIRECTED to send a copy of this Memorandum Opinion to Hardy and counsel of record.

An appropriate Order shall issue.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: March 5, 2010
Richmond, Virginia